IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Renae Castillo & Rhonda Sanchez, | : | |
| on behalf of themselves and all others | | |
| similarly situated, | | |
| Plaintiffs | : | Case No. 2:12-cv-00650 |
| | | |
| v. | : | Judge Marbley |
| | | |
| Morales, Inc., *et al.*, | : | Magistrate Judge Abel |
| | | |
| Defendants | : | |

**ORDER**

This matter is before the Magistrate Judge on plaintiffs Renae Castillo and

Rhonda Sanchez's February 19, 2013 motion to compel discovery and for sanctions (doc.

23).

**Plaintiffs' First Set of Interrogatories**

Interrogatory No. 1. Please identify the ownership structure for the 3230
Olentangy River Road El Vaquero location, including identifying each and
every owner, that owner's mailing address, and corresponding ownership
percentages and dates of ownership. To the extent that any of the owners
are business entities, please identify that entity's principal place of busi-
ness, mailing address (if different), type of entity, statutory agent, and
owners (with ownership percentages).

In response to this interrogatory, defendant stated it produced documents. Plaintiffs

maintain that defendant failed to provide each owner's address. The response does not

comply with Rule 33 of the Federal Rules of Civil Procedure. Although a party has the

option to produce business records in response to an interrogatory, the Rule requires

the responding party to "specify[] the records that must be reviewed, in sufficient detail

to enable the interrogating party to locate and identify them as readily as the respond-

ing party could. . . . " Fed. R. Civ. P. 33(d)(1). Defendant is ORDERED to further supp-

lement its response to Interrogatory No. 1 within **fourteen (14) days of the date of this**

**Order.**

> Interrogatory No. 2. For each owner identified in connection with Inter-
> rogatory No. 1, please identify whether, and to what extent, that owner
> has an ownership interest in any other El Vaquero location, including
> whether that owner is in any way affiliated, connected or related (by
> blood or marriage) to any other individuals or business entities who have
> ownership interests in any other El Vaquero locations.

Plaintiff maintains that defendant failed to identify the relationships between the own-

ers. In addition to providing documents, defendant objected on the basis that the re-

quest was overly broad and not likely to lead to the discovery of admissible evidence. In

a footnote in its memorandum in opposition, defendant indicated its position that this

information should be obtained via deposition of Mr. Quezeda, although it would

supplement its response should the Court prefer. Defendant is ORDERED to further

supplement its response to Interrogatory No. 2 within **fourteen (14) days of the date of**

**this Order.**

> Interrogatory No. 3. Please identify the ownership structure for the re-
> maining El Vaquero locations identified at No. 11 of the above Definitions
> section, including identifying each and every owner, that owner's mailing
> address, and corresponding ownership percentages and dates of owner-
> ship. To the extent that any of the owners are business entities, please
> identify that entity's principal place of business, mailing address (if differ-
> ent), type of entity, statutory agent, and owners (with ownership percent-
> ages).

2

In response to this interrogatory, defendant stated it produced documents. Plaintiffs contend that defendant failed to provide the ownership information for the restaurant at 3160 Broadway Street, Grove City. Defendant maintains that it informed counsel for plaintiffs that this location had closed and relocated to Stringtown Road and that it provided information for the Stringtown Road location.

> Interrogatory No. 5. Please describe the management structure and chain of command at Defendant Morales Inc., identifying each person within that chain of command and going up to and including the ultimate decision maker. To the extent that the ultimate decision maker is different for different matters, please so identify and describe.

Defendant responded that Efrain Quezada is the ultimate decision maker and that he is assisted by Martha Quezada. This response is incomplete. Defendant has not provided any description of the management structure or the chain of command below Quezada. Plaintiffs seek the entire chain of command including assistant or shift managers.  If there is no management structure or chain of command, defendant should so state. Defendant is ORDERED to further supplement its response to Interrogatory No. 5 within **fourteen (14) days of the date of this Order.**

### Plaintiffs' Second  Set of Interrogatories

> Interrogatory No. 6. Please identify all employees in the following positions that worked at any time during the relevant time period for the Company: (1) Servers; (2) Bussers; (3) "Chip Runners;" (4) Food Runners; (5) Managers; and (6) Any other person who shared in or benefited from tips received. To the extent that any employee's position or restaurant location changed at  some point during the relevant time period, please identify the change and the dates of that employee's positions/locations. For each person identified in response to this Interrogatory, please include that person's rate(s) of pay and/or pay structure, including any bonus

> system. Please also identify whether the person either (a) earned tips
> themselves or (b) participated in a tip pool or otherwise shared in tips
> received by Servers.

In response to this interrogatory, defendant stated it produced documents. Plaintiffs

maintain that defendant did not provide contact information for all employees, the

names of the employees that shared in the tip pool for each week, and the names of the

employees that earned tips for each week. Defendant indicates that it did not provide

the home addresses of its employees because the first phase of discovery was limited to

whether the case would proceed as a collective action. This response does not comply

with Rule 33 because it does not specify the records that must be reviewed, in sufficient

detail to enable plaintiffs to locate and identify them as readily as the responding party

could. Fed. R. Civ. P. 33(d)(1). Defendant is ORDERED to further supplement its

response to Interrogatory No. 6 within **fourteen (14) days of the date of this Order.**

Defendant is also ORDERED to provide the home addresses of its employees.

> Interrogatory No. 7. Describe in detail any written or unwritten policies,
> procedures, practices, or guidelines that apply to how Servers are paid,
> and how Servers' tips are handled, divided, and/or distributed. To the
> extent any amount of a Server's tips was not retained by the Server, ident-
> ify who received or shared in that money and how that determination was
> made.

In response to this interrogatory, defendant stated it produced documents. Plaintiffs

maintain that defendant did not provide any description of the written or unwritten

policies that apply to how servers are paid and how there their tips are handled. Plain-

tiffs maintain that defendant did not indicate who received or shared in tips that were

not retained by the server and how the determination of who would receive tips was made . This response does not comply with Rule 33 because it does not specify the records that must be reviewed, in sufficient detail to enable plaintiffs to locate and identify them as readily as the responding party could. Fed. R. Civ. P. 33(d)(1). Defendant is ORDERED to further supplement its response to Interrogatory No. 7 within **fourteen (14) days of the date of this Order.** The supplemental response should also state whether there are or were any unwritten policies and, if so, describe them in detail.

> Interrogatory No. 8. Describe in detail how Servers' work time is recorded and tracked. Further, state whether the time keeping system is contemporaneous in nature (like a time clock). If the time keeping system is not contemporaneous (like signing off on time sheets), explain in detail how accuracy of those time sheets are maintained and when Servers sign off on their hours (e.g., at the end of each day, each week, each month).

In response to this interrogatory, defendant stated it produced documents. Plaintiff maintains that defendant did not describe how servers' work time was recorded add tracked despite providing time sheets. Plaintiff also contends that defendant failed to note whether the time keeping system was contemporaneous and how accuracy was assured if the system was not contemporaneous.  Defendant claims that its counsel informed counsel for plaintiff that the time sheets were made contemporaneously by employees. This response does not comply with Rule 33 because it does not specify the records that must be reviewed, in sufficient detail to enable plaintiffs to locate and identify them as readily as the responding party could. Fed. R. Civ. P. 33(d)(1). Al-

though counsel for defendant has provided additional information to plaintiffs' counsel in efforts to resolve the dispute, under Rule 33, defendant's response must be in writing and under oath. Defendant is ORDERED to further supplement its response to Interrogatory No. 8 within **fourteen (14) days of the date of this Order.**

> Interrogatory No. 9. Identify any person or entity that was paid a percentage of tips that Plaintiffs received during their employment with Defendant. Describe in detail what percentage of Plaintiffs' tips that person/entity was paid.

In response to this interrogatory, defendant stated it produced documents. Plaintiffs maintain that it is not possible to determine who was paid a percentage of the servers' tips and what percentage of the servers' tip the individuals received from the records provided. This response does not comply with Rule 33 because it does not specify the records that must be reviewed, in sufficient detail to enable plaintiffs to locate and identify them as readily as the responding party could. Fed. R. Civ. P. 33(d)(1). Defendant is ORDERED to further supplement its response to Interrogatory No. 9 within **fourteen (14) days of the date of this Order.**

### Plaintiffs' Second Set of Requests for Production of Documents

> Request No. 11. All documents related to the calculation, distribution, and recipients of payments made pursuant to your "tip pooling arrangement" for each shift during the relevant time period.

Plaintiffs maintain that the documents produced were inadequate. Plaintiffs seek all documents that relate to calculating how much each employee received from the tip pool and the names of those employees. Plaintiffs also seek pay stubs for those em-

ployees who received money from the tip pool for the time periods before July 1, 2011 and after July 1, 2012. If no additional responsive documents exist, defendants should so state. Defendants cannot produce what does not exist; however, if defendants' sworn statement is not accurate, it  may be subject to sanctions. *Bratka v. Anheuser-Busch Company, Inc.*, 164 F.R.D. 448, 461-64 (S.D. Ohio 1995).

> <u>Request No. 12.</u> For each recipient of distribution of payments made pursuant to your "tip pooling arrangement," all documents identifying that recipient's job description and compensation arrangement.

Plaintiffs question whether there are written job descriptions or documents concerning compensation arrangements. If no such documents exist, defendant should so state in accordance with Rule 34(b)(2)(B).

> <u>Request No. 32.</u> All time sheets and payroll records, including pay rates, hours worked for each day worked and each amount paid per pay period, for any individual who performed, received, shared in, or benefitted from tips received by Plaintiffs or other Servers employed by El Vaquero.

Plaintiffs maintains that no paystubs were produced for people who benefitted from the tip pool. Defendant maintains that these records were produced via the payroll registers. If no additional responsive documents exist, defendant should so state.

> <u>Request No. 33</u>. Please produce all documents showing who received any percentage of money Plaintiffs received as tips and how much each person/entity received. For example, if a busser received a portion of that money, please produce documents demonstrating who that busser is, how much tip money he received, from whom, and when.

Plaintiff maintains that defendants failed to produce records identifying who received tip money. Defendant maintains that these records were produced via the payroll registers. If no additional responsive documents exist, defendant should so state.

For the reasons stated above, plaintiffs Renae Castillo and Rhonda Sanchez's February 19, 2013 motion to compel discovery and for sanctions (doc. 23) is GRANTED.

**Sanctions.** When a motion to compel discovery is granted, "the court shall, after opportunity for hearing, require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(a)(4), Fed. R. Civ. P.  The "great operative principle of Rule 37(a)(4) is that the loser pays." Wright & Miller, Federal Practice and Procedure:  Civil §2288 at pp. 657-58 (1994). *E.g.*, *Merritt v. Int'l. Brotherhood of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981).

Here defendant's opposition to the motion to compel was not substantially justified and there are no other circumstances that would make an award of attorney fees unjust. Accordingly, within fourteen days of the date of this order, plaintiffs' counsel are DIRECTED to provide defendant's counsel with a statement of their attorney fees incurred filing and briefing the motion to compel. If defendant contests the reasonableness of those fees, it  must file a motion **within twenty-eight (28) days of the date of**

**this Order** explaining why the fees requested are unreasonable and, if they have evidence to offer to support that position, requesting a hearing.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge

9