IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RENAE CASTILLO,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 12-cv-650 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **MORALES, INC.,** *et al.*, | : | |
| | : | Magistrate Judge Terence Kemp |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Strike Intervenor-Defendant's Motion to Dismiss (the "Motion") (Doc. 20). For the reasons stated herein, Plaintiffs' Motion is **GRANTED**.

### II. BACKGROUND

Plaintiffs originally filed the Complaint (Doc. 1) in this case against Defendant Morales, Inc., and a number of other entities, doing business as "El Vaquero," for alleged violations of state and federal minimum wage and overtime laws. Count Ten of Plaintiffs' Complaint called into question the constitutionality of Ohio Rev. Code § 4111.14(K)(2). This Court permitted the State of Ohio to intervene, pursuant to 28 U.S.C. § 2403(b), a federal statute that requires a court to permit a state to intervene in an action "for argument on the question of constitutionality."

Intervenor-Defendant, the State of Ohio, subsequently moved to dismiss Count Ten of Plaintiffs' Complaint (Doc. 18) in a motion that did not address the constitutionality of O.R.C. § 4111.14(K)(2). In the Motion sub judice, Plaintiffs ask the Court to strike Defendant's Motion to

Dismiss or, in the alternative, to hold in abeyance Defendant's Motion to Dismiss. Plaintiffs' Motion to Strike has been fully briefed and is ripe for adjudication.

### III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for a motion to strike pleadings, but not other documents or parts of documents. *See* Fed.R.Civ.P. 12(f). Under the Federal Rules, a motion to dismiss is not a pleading. *See* Fed.R.Civ.P. 7. It is well settled, however, that "trial courts have inherent power to control their dockets." *Anthony v. BTR Autmotive Sealing Systems, Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Trial courts maintain the power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). This Court makes use of the inherent power to control the docket in determining whether to strike documents or portions of documents. *See, e.g., Gruenbaum v. Werner Enterprises, Inc.,* 09-CV-1041, 2011 WL 379202 (S.D. Ohio Feb. 2, 2011); *Getachew v. Cent. Ohio Transit Auth.*, 2:11-CV-860, 2013 WL 819733 (S.D. Ohio Mar. 5, 2013).

### IV. LAW & ANALYSIS

In essence, the Motion asks this Court to strike the Intervenor-Defendant's motion to dismiss for two reasons: (1) Intervenor-Defendant's motion to dismiss vitiates the very purpose for which it was permitted to intervene; and (2) the issue addressed by the motion is not yet ripe. Plaintiffs first argue that while the State of Ohio was permitted to intervene to argue the question of constitutionality, the State's Motion to Dismiss actually asks the Court to decline to consider the constitutionality of O.R.C. § 4111.14(K)(2). While there is logic to Plaintiffs' position, they do not cite any case for the proposition that a state that intervenes to argue the constitutionality of a statute cannot take the position that the Court should decline to consider constitutionality.

Furthermore, issues such as standing can be raised at any time during litigation.  The fact that the state intervened to argue constitutionality would not impact a court's duty to consider whether a plaintiff has standing to pursue her complaint.  For this reason, there is no blanket rule that a state intervening to argue the constitutionality of the statute cannot raise other defenses of the statute.

Plaintiffs do persuasively argue, however, that Defendant's Motion to Dismiss is not timely.  Plaintiffs' Complaint seeks class relief pursuant to Fed.R.Civ.P. 23, but Plaintiffs have not yet moved for certification of a class.  A looming issue in the anticipated motion for class certification is whether the class will be "opt-in" or "opt-out."  Fed.R.Civ.P. 23(b)(3) allows for an opt-out class, which Plaintiffs would prefer.  O.R.C. § 4111.14(K)(2), however, requires that an "employee first gives written consent to become such a party plaintiff [in an Ohio wage class action] and that consent is filed with the court in which the action is brought," apparently creating an opt-in class.  Count Ten of Plaintiffs' Complaint alleges that if O.R.C. § 4111.14(K)(2) were applied to Plaintiffs in such a way that they were required to proceed as an opt-in class, that application of the law would violate Article II, § 34a of the Ohio Constitution.

Since Plaintiffs have not yet moved to certify a class, there is no occasion for this Court to consider how O.R.C. § 4111.14(K)(2) might apply to Plaintiffs' Complaint.  Upon considering a motion to certify a class, this Court may find that this case does not present an actual conflict between Federal Rule 23 and O.R.C. § 4111.14(K)(2).  At this time, however, any opinion this Court were to express would be an impermissible advisory opinion under Article III's cases and controversies requirement.  *See* U.S.C. Const. Art. III § 2, cl. 1.  If Plaintiffs do move to certify a class, the constitutionality of O.R.C. § 4111.14(K)(2) as applied will be properly before this

Court.  At that time, parties will have an opportunity to fully brief the question and the State of Ohio may simply refile its motion to dismiss.

## V. CONCLUSION

Thus, the Plaintiffs' Motion to Strike Intervenor-Defendant's Motion to Dismiss is **GRANTED**.  The State of Ohio's Motion to Dismiss (Doc. 18) is hereby **STRICKEN**.  The Court strikes the Motion to Dismiss **WITHOUT PREJUDICE**.  Defendant may refile the Motion to Dismiss if Plaintiffs move to certify a class or the issue addressed by Defendant's Motion otherwise ripens.

**IT IS SO ORDERED.**

                                            **s/ Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: September 3, 2013**